IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MATTHEW PAUL SNYDER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: |
| | ) |
| | ) COMPLAINT AND |
| SECURE COLLATERAL | ) JURY DEMAND |
| MANAGEMENT and | ) |
| NAVY FEDERAL CREDIT UNION | ) |
| | ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Matthew Paul Snyder ("Snyder" or "Plaintiff") , makes this complaint against Defendants Secure Collateral Management ("Secure Collateral") and Navy Federal Credit Union ("Navy Federal"). Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation of publicly available documents and interviews with witnesses, information and belief.

## INTRODUCTION

1. This case concerns Secure Collateral's violations of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692(p)).

2. Secure Collateral (or one of its agents) calls consumers, alleging that the consumers owe debts and falsely represents that it is not a debt collector.

3. Navy Federal uses Secure Collateral as its agent and is therefore a party to the misrepresentations and impermissible conduct of Secure Collateral as it is done on their behalf.

4. Throughout these interactions, Secure Collateral does not accurately identify itself. Secure Collateral does not indicate that it is a debt collector, or that it is attempting to collect a debt and that any information obtained will be used for that purpose. In fact, Secure Collateral explicitly and deceptively states that it is not a debt collector.

5. Secure Collateral's conduct violates a variety of provisions of section 1692(e) of the FDCPA with respect to a class of consumers. On his own behalf and on behalf of all similarly situated persons, Plaintiff seeks remedies under the FDCPA, including statutory damages, actual damages, and the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692(k).

### Parties

6. Plaintiff Matthew Paul Snyder ("Snyder") brings this action on behalf of himself and others similarly situated.

7. Defendant Secure Collateral is a Texas corporation which maintains offices at 12620 E. Northwest Highway Dallas, Texas 75228. Secure Collateral uses the instrumentalities of interstate commerce and the mails for the principal purpose of collection of alleged debts which are primarily for personal, family, or

household purposes. Secure Collateral regularly collects or attempts tocollect, directly or indirectly, alleged debts owed or due or asserted to be owed ordue another. Secure Collateral is debt collector pursuant to 15 U.S.C. §1692(a)(6).

8.  Defendant Navy Federal Credit Union is a Virginia corporation which maintains 295 branch locations across the United States. Their headquarters are located at 820 Follin Lane SE, Vienna, VA 22180. Navy Federal is a retail credit union that services roughly 6.8 million individuals in every state across the United States. Navy Federal is a creditor pursuant to 15 U.S.C. § 1692(a)(4).

9.  All defendants, were at all relevant timesacting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

10. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

11. Snyder asserts federal claims under the FDCPA. The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k)(d).

12. Venue is proper in the Northern District of Alabama pursuant to Ala Code § 6-3-7(a)(1) because both Defendants are corporations, and a substantial part of the events or omissions giving rise to the claim occurredin the Northern District of Alabama.

13. Venue is also proper pursuant to Ala Code § 6-3-7(a)(3) because Snyder is an Alabama resident, with a residence in Morgan County.

## Plaintiff's Individual Allegations

14. Snyder took out a car loan with Navy Federal Credit Union.

15. Snyder subsequently fell behind on his loan payments, at which point, Navy Federal made arrangements with Secure Collateral to collect on his debt.

16. On January 27, 2017, Snyder and his brother, Daniel, received calls on their cellular telephones from an individual who identified himself as Steven of Secured Collateral. Steven explicitly stated he was not a debt collector, but stressed the importance of Snyder's matter.

17. On February 7, 2017,Snyder received a call on his cellular telephone from Steven of Secure Collateral, who stated he was not a debt collector. The

caller stated he was calling Snyder on behalf of Secured Collateral with regards to matter number 10209633, and insisted the matter was extremely urgent.

18. On February 14, 2017, Snyder and his brother, Aaron, received another call on his cellular telephone from Steven of Secured Collateral. Steven reiterated how his call was in regards to matter number 10209633, and the matter was extremely urgent.

19. Defendant Navy Federal is a creditor under 15 U.S.C. § 1692(a)(4).

20. Defendant Secured Collateral is a debt collector under 15 U.S.C. § 1692(a)(6).

21. Snyder is a consumer under 15 U.S.C. § 1692(a)(3).

22. After Secured Collateral contacted Snyder and his brothers they failed to provide sufficient notice in accordance with 15 U.S.C. § 1692(g)(a).

23. Defendant Secured Collateral used false, deceptive, and misleading representations and means in connection with the collection of Snyder's debt. Pursuant to 15 U.S.C. § 1692(e)(11), Defendant Secured Collateral violated the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

24. Defendant Secured Collateral's communication with third parties regarding Snyder's debt collection violated 15 U.S.C. § 1692(c)(b), which states that without prior consent of the consumer given directly to the debt collector, a

debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer or his attorney, unless consent is given.

## Class Allegations

25. **Class Definition:** Snyder seeks to certify a class under Federal Rule of Civil Procedure 23. Snyder brings this Complaint against Defendants on behalf of himself and the class (the "Class") of

> All natural persons who, within one year prior to the date this complaint was filed, received any calls from Defendants in which Defendants (1) failed to identify themselves as debt collectors; (2) attempted to communicate with third parties regarding debt collections.

Members of the Class can be readily identified from Defendants' records and public records. Members of the Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

26. **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Snyder at this time, but such information should be readily ascertainable by Defendants. Given that Secure Collateral's violation of section 1692(e) arises from routine application of its uniform business practices, Snyder alleges that individual joinder of all members of the Class is impracticable.

27. **Class Commonality:** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only

individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member.

28. **Typicality:** Snyder's claims are typical of the claims of the other members of the Class. Snyder is not different in any relevant way from any other member of the Class, and the relief he seeks is common to the Class.

29. **Adequate Representation:** Snyder will fairly and adequately represent and protect the interests of the other Class members: her interests do not conflict with their respective interests. Snyder has retained counsel competent and experienced in complex class actions, and he intends to prosecute this action vigorously.

30. **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to obtain effective relief from Defendants' misconduct on an individual basis. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay

and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

31. **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

## FIRST CAUSE OF ACTION:
### Violation of the FDCPA Against All Defendants by Plaintiff Individually and on Behalf of the Class

32. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the Class Members.

33. Defendants sought to collect debts pursuant to 15U.S.C. § 1692(a)(5). Defendants are debt collectors pursuant to 15 U.S.C.§ 1692(a)(6).

34. Snyder and the other Class members are consumers pursuant to 15 U.S.C. § 1692(a)(3).

35. In the regular course of business dealing with Snyder and the other Class members, Defendants failed to disclose that they are debt collectors, that they were attempting to collect a debt, and that any information obtained would be used for that purpose, in violation 15 U.S.C. § 1692(e)(11).

36. In the regular course of business dealing with Snyder and the other Class members, Defendants failed to provide the notice required pursuant to 15 U.S.C. §1692(g)(a) either in the initial communication or through a subsequent written notice.

37. Snyder seeks actual and statutory damages, and attorneys' fees, pursuant to 15 U.S.C. § 1692(k)(a) for himself and the other members of the Class.

### SECOND CAUSE OF ACTION:
### Violation of the FDCPA Against All Defendants
### by Plaintiff Individually and on Behalf of the Class
### for Wrongful Communication with Third Parties

38. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the Class Members.

39. Defendants are seeking to collect debts pursuant to 15U.S.C. § 1692(a)(5). Defendants are debt collectors pursuant to 15 U.S.C.§ 1692(a)(6).

40.     Snyder and the other Class members are consumers pursuant to 15 U.S.C. § 1692(a)(3).

41.     In the regular course of business dealing with Snyder, Defendants communicated with third parties, including immediate family members, of Snyder and Plaintiffs in violation of 15 U.S.C. § 1692(c)(b).

42.     The aforementioned third party communication was committed repeatedly, with intent to annoy any person at the called number, and performed without meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692(d)(5) and (6).

43.     Defendants' false representation and unwarranted communication with third parties related to, or in connection with Snyder and Class Members, was intentional and resulted in unnecessary damages to Snyder and Class Members.

44.     Snyder seeks actual and statutory damages, and attorneys' fees, pursuant to 15 U.S.C. § 1692(k)(a) for himself and the other members of the Class.

WHEREFORE, Plaintiff Matthew Paul Snyder prays that the Court enter judgment and orders in his favor and against Defendants Collateral Secure Management and Navy Federal Credit Union:

a.     An order certifying the Class directing that this case proceed as a class action, and appointing Snyder and his counsel to represent the Class;

  b.  Actual damages under 15 U.S.C. § 1692(k)(a)(l)

  c.  Statutory damages as provided under 15 U.S.C. § 1692(k)(a)(2)

  d.  An order granting the costs of the action, together with a reasonable attorney's fee as determined by the court under 15 U.S.C. § 1692(k)(a)(3); and

  e.  Such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Commission demands trial by jury in this action of all issues so triable.

Dated: May 4, 2017
    Birmingham, Alabama

              Respectfully submitted,
              /s/ D.G. Pantazis, Jr.
              D.G. Pantazis, Jr.
              Attorney for the Plaintiff

              /s/ Daniel B. Snyder
              Daniel B. Snyder
              Attorney for the Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

GAINES LLC
2160 Highland Ave. South, Suite 101
Birmingham, Alabama 35205